IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFRICK BROWN, | No. CIV S-10-2879-FCD-CMK-P |
| Petitioner, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| GARY SWARTHOUT, | |
| Respondent. | |
| _____/ | |

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is respondent's motion to dismiss the petition as, among other things, untimely (Doc. 14); petitioner's opposition and motion for a stay-and-abeyance order (Doc. 16), and respondent's reply and opposition to petitioner's stay-and-abeyance motion (Doc. 18).

/ / /

/ / /

/ / /

/ / /

/ / /

## I. BACKGROUND

Petitioner was convicted of attempted premeditated murder, two counts of forcible rape, and one count of genital penetration with a foreign object. He was sentenced on June 2, 2006, to a determinate prison term of 38 years, a consecutive indeterminate term of 50 years to life, and a consecutive term of life with the possibility of parole. The sentence was recalled by the trial court on September 28, 2006, and petitioner was re-sentenced on May 14, 2007. The California Court of Appeal affirmed the conviction and new sentence on March 24, 2009. The California Supreme Court denied direct review on June 10, 2009, and petitioner did not seek review by the United States Supreme Court.

Petitioner then filed three state court post-conviction actions as follows:

<u>First Petition</u>      Sacramento County Superior Court
                Filed September 2, 2010
                Denied as untimely on 10-7-2010

<u>Second Petition</u>     California Court of Appeal
                Filed October 30, 2010
                Denied without comment on November 10, 2010

<u>Third Petition</u>      California Supreme Court
                Filed January 25, 2011
                Currently pending.

The instant federal petition was filed on October 23, 2010.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

## II.  DISCUSSION

Respondent argues primarily that the petition should be dismissed as untimely.[1] Federal habeas corpus petitions must be filed within one year from the later of: (1) the date the state court judgment became final; (2) the date on which an impediment to filing created by state action is removed; (3) the date on which a constitutional right is newly-recognized and made retroactive on collateral review; or (4) the date on which the factual predicate of the claim could have been discovered through the exercise of due diligence.  See 28 U.S.C. § 2244(d).  Typically, the statute of limitations will begin to run when the state court judgment becomes final by the conclusion of direct review or expiration of the time to seek direct review.  See 28 U.S.C. § 2244(d)(1).  Where a petition for review by the California Supreme Court is filed and no petition for certiorari is filed in the United States Supreme Court, the one-year limitations period begins running the day after expiration of the 90-day time within which to seek review by the United States Supreme Court.  See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).

The limitations period is tolled, however, for the time a properly filed application for post-conviction relief is pending in the state court.  See 28 U.S.C. § 2244(d)(2).  To be "properly filed," the application must be authorized by, and in compliance with, state law.  See Artuz v. Bennett, 531 U.S. 4 (2000); see also Allen v. Siebert, 128 S.Ct. 2 (2007); Pace v. DiGuglielmo, 544 U.S. 408 (2005) (holding that, regardless of whether there are exceptions to a state's timeliness bar, time limits for filing a state post-conviction petition are filing conditions and the failure to comply with those time limits precludes a finding that the state petition is properly filed).  A state court application for post-conviction relief is "pending" during all the time the petitioner is attempting, through proper use of state court procedures, to present his

---

[1] Respondent also argues that petitioner's second claim is unexhausted because it was never presented to the California Supreme Court, and that the remaining claims are unexhausted because they were presented to the California Supreme Court in petitioner's third post-conviction action which was pending as of the date petitioner filed this federal petition. Respondent also argues that the claims are procedurally barred.

Case 2:10-cv-02879-JAM-CMK   Document 19   Filed 06/23/11   Page 4 of 6

claims.  See Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).  It is not, however, considered "pending" after the state post-conviction process is concluded.  See Lawrence v. Florida, 549 U.S. 327 (2007) (holding that federal habeas petition not tolled for time during which certiorari petition to the Supreme Court was pending).  Where the petitioner unreasonably delays between state court applications, however, there is no tolling for that period of time.  See Carey v. Saffold, 536 U.S. 214 (2002).  If the state court does not explicitly deny a post-conviction application as untimely, the federal court must independently determine whether there was undue delay.  See id. at 226-27.

As respondent correctly notes, the one-year limitations period in this case began to run on September 21, 2009 – the day after expiration of the 90-day period within which to seek certiorari by the United States Supreme Court – and expired one-year later on September 20, 2010, absent statutory tolling.[2]  With respect to petitioner's three state court post-convictions actions, respondent argues that they do not toll the limitations period because they were not "properly filed."  Specifically, respondent observes that the first petition was denied by the Sacramento County Superior Court as untimely with citations to In re Robbins, 18 Cal.4th 770 (1998), and In re Clark, 5 Cal.4th 750 (1993).  The court agrees with respondent that the limitations period is not tolled incident to the first state court post-conviction action because it was untimely and, therefore, not "properly filed."

As to the second and third post-conviction actions, respondent also argues that they were not "properly filed."  Applying the presumption outlined in Ylst v. Nunnemaker, 501

---

[2] The court rejects petitioner's argument that he is entitled to a later start date owing to a long delay between the date the California Supreme Court denied direct review and the date he received notice of the Court's decision.  See Hereford v. McCaughtry, 101 F. Supp. 2d 742, 745-46 (E.D. Wis. 2000) (rejecting excuse that petition did not know about the claim until he received transcripts because it ignored petitioner's actual knowledge of the factual predicate of his claims).  There is simply no basis to support petitioner's argument that he did not know of the factual predicate of his claims until he received notice of the California Supreme Court's decision to deny direct review.  To the contrary, he knew of the facts behind all of this claims as of the date he was re-sentenced.

4

U.S. 797, 803 (1991), that this court must "look though" later unexplained decisions to the last reasoned state court decision, respondent contends the court should "look through" the silent denials of the second and third petitions to conclude that, as with the first petition, they too were untimely and, therefore, not "properly filed." Again, the court agrees with respondent's analysis. See Bonner v. Carey, 425 F.3d 1145, 1148 n.3 (9th Cir. 2005). "Looking through" the silent denials of the second and third petitions, this court concludes that the reasoning behind the denial of the first petition applies to the second and third petitions as well, thereby rendering all of petitioner's state post-convictions actions untimely and, therefore, not "properly filed" for purposes of tolling the one-year limitations period.

Morever, as respondent also notes, the second and third petitions were filed after expiration of the limitations period on September 20, 2010. Specifically, the second petition was filed on October 30, 2010, and the third petition was filed on January 25, 2011. Because the first petition was untimely it was not "properly filed" and did not toll the one-year limitations period which continued to run uninterrupted until it expired on September 20, 2010. Neither of the state post-convictions filed after this date revived the expired limitations period. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003).

In his opposition, petitioner contends that he is entitled to equitable tolling of the limitations period due to: (1) the delay in receiving notification of the California Supreme Court's denial of direct review from his counsel; (2) his family's inability to retain counsel due to financial hardship; and (3) lack of legal training. As to the first contention, the court agrees with respondent that there is no basis for equitable tolling because, notwithstanding the delay in receiving notification from counsel, petitioner in fact received his entire file from counsel prior to expiration of the limitations period in September 2010. Therefore, counsel's conduct did not prevent petitioner from filing a timely federal petition.

As to the second contention, petitioner states that he sent his legal file to his brother so he could attempt to locate counsel for petitioner. Petitioner's brother unsuccessfully

attempted to retain counsel for six months, and ultimately concluded that the family could not afford an attorney for petitioner. Petitioner's files were returned to him in May 2010. The court agrees with respondent that neither petitioner's choice to rely on his brother to obtain counsel nor his choice to be without his files do not constitute "extraordinary circumstances" beyond petitioner's control to justify equitable tolling. See Pace, 544 U.S. 408 (2005).

Finally, the court rejects petitioner's third contention that he is entitled to equitable tolling due to his lack of legal training. The Ninth Circuit has held a pro se petitioner's confusion or ignorance of the law is not a circumstance warranting equitable tolling. See Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1013 (9th Cir. 2009).

### III.  CONCLUSION

Because it is clear that the petition is untimely, it is not necessary to consider respondent's arguments that the claims are unexhausted and procedurally barred.

Based on the foregoing, the undersigned recommends that respondent's motion to dismiss (Doc. 14) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 22, 2011

_____
CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE